IN THE UNITED STATED DISTICT COURT
MIDDLE DISTEICT OF ALABAMA
NORTHERN DIVISION

**RECEIVED**

2020 MAY -7  A 11: 43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DEMETRIUS YVONNE PARKS, D/B/A
PARKS PHARMACY, INC.,
PLAINTIFF,

VS.                                  Civil Action No.: 2:20-cv-304

(REQUEST FOR JURY TRIAL)

ALABAMA BOARD OF PHARMACY,
Tim Martin, Individually, Member of the
  Alabama Board of Pharmacy (ABOP),
Buddy Bunch, Individually, Member of the ABOP,
David Darby, Individually, Member of the ABOP,
Donna Yeatman, Individually, Member of the ABOP,
Ralph Sorrell, Individually, Member of the ABOP,
         DEFENDFANTS.

## COMPLAINT

Come Now, the Plaintiff, Demetrius Yvonne Parks, D/B/A Parks Pharmacy, Inc., by and through her attorney of record, Gerald Maxwell, hereby filing this Complaint against The Alabama Board of Pharmacy (the Board), and its Board Members individually, saith the following:

## I. JURISDICTION

The Court's has jurisdiction to hear this Matter pursuant to a Federal Question arising under, in pertinent parts, 28 United States Code, Section 1331, 14th Amendment of the United States Constitution, 28 United States Code, Section 1983, and under 15 United States Code, Section 1-7, wherein Plaintiff asserts that Defendant's conduct against Plaintiff amounts to a violation of

Plaintiff's substantive and procedural Due Process guarantees of legality. Plaintiff asserts that Defendant and Board members, as individuals, acting under color of law, violated Plaintiff's constitutionally protected property interest in her Profession as a Pharmacist and her ownership interests in the operation of her businesses, and further engaging in purposeful unilateral broadly prohibitive conduct against Plaintiff that monopolizes or attempts to monopolize the market Plaintiff is engaged in as a Pharmacist and/or in the operation of her businesses providing pharmaceutical services to the public, amounting to unfair competition.

## 2. VENUE

Venue is proper in the State of Alabama, as the Plaintiff, witnesses in this Matter, and the Defendants are domiciled within the State of Alabama. Plaintiff injuries caused by Defendant occurred in the State of Alabama, within the Court's District.

## The Parties

1. The Plaintiff, Parks Pharmacy, Inc. is a business entity whose principal place of business is located in Montgomery County, Alabama, which also owns Parks Pharmacy #3 and Parks Pharmacy #4. The Plaintiff, Demetrius Yvonne Parks, is an individual and is also domiciled in the State of Alabama, in the city of Montgomery.

2. The Defendants in this Matter act either jointly or severally, and are domiciled in the State of Alabama, City of Birmingham, operating as a State of Alabama Board, partly commissioned or assigned by the Office of the Governor, and partly elected officials for the state at-large, vested with the authority to carry out the purposes of and enforce the Code of Alabama of 1975, as amended, in pertinent parts, Title 34, Chapter 23 of the Practice of Pharmacy Act 205 and Title 20, Chapter 2 of the Uniform Controlled Substance Act;

3. That all witnesses hereto having direct knowledge of the facts pertaining to this matter are also Alabama residents; and

4. That Plaintiff's cause of action and resulting injuries resulted from the direct activities, contacts, or conduct on the part of the Defendants, occurring within the State of Alabama, predominantly in the City of Montgomery, as well as in Hayneville and Gadsden, Alabama.

5. The individual Board Members are licensed Pharmacists whose Pharmacies' annual incomes reach extravagant levels, and businesses often receive awards in areas such as the Best Business Practices, and other awards.

### III. FACTUAL BACKGROUND

#### Due Process Violations

1. That during the period January 2015 through July 2015, Plaintiff's pharmacy stores were inspected by the Defendant due to an alleged complaint from the Alabama Medicaid Agency or some other party.

2. Plaintiff owned, and operated pharmacies located in Gadsden, two stores in Montgomery, and one store in Haynesville, Alabama, each having its identifying license/permit number. The Haynesville pharmacy previously owned was Parks Pharmacy #1 but closed with the Boards approval in September of 2014. The variety store in Haynesville was designed to target a need existing in rural areas consisting of mostly African Americans and other minorities.

3. The inspection(s) of July 27, 2015, allegedly cited several violations found in Alabama Code of 1975, Title 34, Chapter 23, in pertinent part. (See Exhibit A)

4. That the Plaintiff was presented a Board Inspection Report defined and designed to primarily <u>assist and advise</u> participating pharmacies in their conduct and practices, ultimately serving and having a public interest. (See Exhibit B, entire pp. 3-4)

5. The Plaintiff thereafter cured the discrepancies and made the corrections as noted in the Inspection Report and timely submitted a corrective action plan as mandated by the Alabama State Board of Pharmacy Administrative Code, Chapter 680-x-2-.12, Practice of Pharmacy (Administrative Code). In pertinent part Subsection "12 Practicing Pharmacist, 4. (g)" states:

"Maintenance of inspection records provided by the Board or its staff, and where discrepancies are noted, within fifteen (15) days of receiving notice of such discrepancy, submit in writing to the Board, the steps taken or proposed to eliminate the discrepancy. <u>Failure to submit</u> such report to eliminate discrepancies is grounds for disciplinary action by the Board." (See Exhibit C)

6. Without addressing the Corrective Action Plan, as required by Board Policy, properly submitted by Plaintiff to Defendant/Board addressing the discrepancies as required by law, and by not presenting to Plaintiff any measure or means of follow up to further address the said discrepancies, the Board thereupon convened a public hearing on August 23-24, 2016, to address the findings of the Inspections, in violation of his due process interests. (See Exhibit D)

7. At said hearing Inspector Glenn Wells the inspector assigned to Plaintiff's stores, stated and admitted on cross examination that an inspection of Plaintiff's stores was conducted and completed, and that Plaintiff followed up and made the required corrections and cures and in a timely manner, and timely submitted a corrective action plan addressing the issues presented.

That Plaintiff's Responses to Defendant's Charges addresses further the issue of full compliance with the law. (Ex. B, See also Exhibit E)

8. That on October 1, 2016, after a hearing on 46 counts alleging various improper practices, the board entered an order suspending Parks' license for 5 years, being deemed a danger to the public, and levying an administrative fine against her in the amount of $27,000. The Board also placed the pharmacy permits of two of Parks' pharmacies--Parks Pharmacy #2 and Parks Pharmacy #4--on probation for five years, and yet, one of these stores were not then open for business. Those two pharmacies, as well as one other pharmacy owned by Plaintiff were also ordered to pay administrative fines. (Ex. D)

9. That the Board's imposition of fines on excess of $1000.00 violates Ala Code 34-23-13, Penalty.

## The Sherman Act Anti-Trust and Federal Trade Commission Violations

1. The Plaintiff's assertions made below hereby reallege and incorporate the allegations found in the above claims.

2. The Plaintiff asserts that Defendant, Alabama Board of Pharmacy, and Board Members acting individually (hereinafter referred to "Defendants"), either jointly or severally, have engaged in prohibitive conduct through either direct acts, attempted acts, purposeful, unfair, and illegal practices against Plaintiff that forces her businesses out of the pharmaceutical markets amounting to unfair competition affecting her federally protected property rights to engage in her business pursuits by suspending her personal license as a Pharmacist, and business permits and licenses, pursuant to Section 5(a) of the Federal Trade Commission Act (FTC Act) (15 USC §45). The Sherman Act, 26 Stat. 209, as amended, 15 U.S.C. Sect 1, Et Seq., which prohibits

"unfair or deceptive acts or practices in or affecting commerce." This prohibition applies to all persons engaged in commerce.

3. The Defendants in their individual capacities are Board Members who actively engage as non-sovereign actors and as special state employees controlled by active market participants in the business of Pharmacy as owners of Pharmacies and as licensed Pharmacists. The Defendants acted under color of State action and immunity, without state legislative supervision in its actions against Plaintiff, who cloak themselves in a dual role as a public/private hybrid actively acting as state agents and private persons profiting in their businesses directly and under suspicion, thus working afoul to the purposes of the Sherman Act and Federal Trade Commission, in pertinent parts; that their acts as described above and below, operate to allow the government to promote competition in the market place, and at the same time engage in making policy that stifles and indiscreetly control, damage, and prevent other Pharmacies from excelling and profiting as they do.

4. The Defendants, by engaging in the conduct described above having no active state supervision acting under of law and as a state agent, violated Plaintiff's Federal rights and have failed to abide by federal anti-competition laws described above which serve to promote robust competition, which in turn empowers the states and provides their citizens with opportunities to pursue their own and the public's welfare, and not necessarily for the benefit of its Board Members.

5. Plaintiff asserts that Defendants have made damaging recorded statements to other professionals in the business that Defendants "were trying to set me up for charges, and "they were bringing criminal charges against me."

6. Plaintiff claims that Defendants' conduct described above caused or greatly contributed to the termination of its contract with its primary vendor, and thus, further preventing Plaintiff from ordering much needed medicines, and in affect, caused Plaintiff to operate her business at minimal scale.

7. Plaintiff asserts that Defendants have recklessly taken on conduct that prevented the sale by Plaintiff to a willing buyer of one of her Pharmacies.

8. Plaintiff claims the Defendant intentionally provided or made a false statements, or otherwise supplied untrue information regarding Plaintiff on the National Practitioner Data Bank (NPDB). This in turn, diminishes Plaintiff's reputation as a business having credibility.

9. Plaintiff claims that Defendants have illegally confiscated certain medicines belonging to Plaintiff from her stores valued at approximately $1100.00, in violation of due process of law.

10. Defendants have added charges against the Plaintiff in its "Findings" that were not made part of the initial charges alleged against Plaintiff, to wit, those referring to a "warehouse" and controlled substance "inventory."

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests of the Court to enter an Order holding that:

1. The Defendant Board is a non-sovereign actor controlled by active market participants,

2. The Defendant's acts against the Plaintiff as constitute violations of Plaintiff's Federal due process rights,

3. The Defendant's conduct amounts to violations of the Plaintiff's rights found in the Sherman Act against anticompetitive and unfair methods of competition, and further, that their

conduct as described against Plaintiff constitutes an unreasonable restraint on trade, and further Order that

4. Defendants release Plaintiff from all fines and assessments levied against her, reinstate Plaintiff's Pharmacist license and remove the probation status from the business permits and licenses from Parks Pharmacy #3 and # 4.

5. Defendants Pay to Plaintiff jointly or severally all compensatory damages in lost income and profits representing nearly four years in the amount of $750,000.00, and further pay to Plaintiff special and punitive damages in the amount of $5000,000.00.

6. Grant any other relief as the Court deems just.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 5, 2020

Respectfully Submitted,

/s/ *Gerald Maxwell*
Gerald Maxwell (MAX010)
Attorney for Plaintiff
821 Tuscaloosa Avenue
Gadsden, AL 35901
256-459-5443
gerald821@att.net

## CERTIFICATE OF SERVICE

I, Gerald Maxwell, do hereby Certify that a true and correct copy of the foregoing Complaint has been filed with the Clerk of Court, and served on the Defendants named herein and listed below, by United States certified mail, in proper form, on this 5th day of May, 2020, to:

Officer, Managing or General Agent of
Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

Tim Martin
Member, Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

Buddy Bunch
Member, Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

David Darby
Member, Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

Donna Yeatman
Member, Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

Ralph Sorrell
Member, Alabama Board of Pharmacy
11 Village Street
Birmingham, AL 35242

/s/Gerald Maxwell
Gerald Maxwell